The STATE of Texas et al., Appellants,

v.

Fred SULLIVAN, Nancy Lee Johnson Holland and H. R. Holland, Appellees.

No. 11184.

Court of Civil Appeals of Texas.

Austin.

April 8, 1964.

Waggoner Carr, Atty. Gen., Ernest Fortenberry, Asst. Atty. Gen., Austin, for appellant.

· No brief filed for appellees.

ARCHER, Chief Justice.

Appellants brought suit on behalf of the Texas Employment Commission for delinquent unemployment compensation taxes. Appellees defended on grounds that all their workmen were engaged in "agricultural labor," which is exempt from taxation. Appellees' sole business, the eradication of brush from ranch lands by means of chemical spraying, is described very accurately and fully in the Findings of Fact. The Trial Court entered judgment for the defendants.

The appeal is based on two points of error:

"Point I. The definition of 'agricultural labor' in the Federal Unemployment Tax Act, 26 U.S.C.A., Sec. 3306(k) governs the case at hand, and the Trial Court erred in its Conclusions of Law (numbered B) to the contrary.

"Point II. The persons performing services for the defendants were not engaged in 'agricultural labor' within the meaning of Article 5221b–17(g) (5) (B), V.A.T.S. as stated in the Trial Court's Conclusion of Law (numbered B). Consequently the Trial Court erred in entering judgment for defendants."

■■ Any employer in this State who is liable for taxes under the Federal Unemployment Tax Act thereby automatically becomes liable for State unemployment taxes by virtue of the definition of the term "employer" in Article 5221b–17(f) (5), V.A.T.S., which reads as follows:

" 'Employer' means: * * * (5) Any employing unit which is liable for the payment of taxes under the Federal Unemployment Tax Act for the current calendar year."

The term "employing unit" is defined in Article 5221b–17(e) as "any individual or type of organization * * * which has or, subsequent to January 1, 1936, had in its employ one (1) or more individuals performing services for it within this State." The tax in question is levied on "employers" by Article 5221b–5.

Article 5221b–17(f) states the four different ways one may become an "employer" subject to the tax coverage of the Texas Unemployment Compensation Act: (1) by having four or more employees; (2) by acquiring the organization, trade or business of a liable employer; (3) by voluntary election; or, (4) by coming within the coverage of the Federal Unemployment Tax Act. It should be noted that the State's petition simply alleged that the defendants were "employers" within the statutory definition without attempting to state which section of the definition of "employer" the defendants came under. Therefore, on the pleading, we may look to any of the four means by which one may become an "employer" to see whether the defendants fit the definition.

It appears clear that the defendants are liable for the payment of taxes under the Federal Unemployment Tax Act and thereby became liable for State unemployment taxes. The Federal Act, 26 U.S.C.A. § 3306, subsections (a) and (c), has the same basic coverage as the Texas Act, covering all employers of four or more persons. Like the Texas Act, Art. 5221b–17(f) (5) (B), the Federal Act, 26 U.S.C.A. § 3306 (c), exempts "agricultural labor;" however, the Federal Act goes on to define the term in Section 3306(k) as follows:

"For purposes of this chapter, the term 'agricultural labor' includes all service performed—

"(1) on a farm, in the employ of any person, in connection with cultivating the soil, or in connection with

raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training, and management of live-stock, bees, poultry, and fur-bearing animals and wildlife;

"(2) in the employ of the owner or tenant or other operator of a farm, in connection with the operation, management, conservation, improvement, or maintenance of such farm and its tools and equipment, or in salvaging timber or clearing land of brush and other debris left by a hurricane, if the major part of such service is performed on a farm;"

The Federal definition is the law, incorporated into the Texas Unemployment Compensation Act, in effect, by Article 5221b-17(f) (5), quoted herein.

We do not believe that the services in question were "in the employ of the owner or tenant, or other operator of a farm," since such were not in connection with "raising or harvesting any agricultural or horticultural commodity, including the raising, * * * of livestock, * * *"

In Scofield v. Tinnin, 171 F.2d 227 (5th Cir., 1948) a case in which the taxpayer was engaged in a business like that of appellee herein, the Court said:

"Here the laborers were not employees of the owner or tenant. The employer owned no land. The work done was not incidental to farming; it was the sole occupation of the Appellee. His work was a prelude to farming and ranching. The taxpayer was engaged in the improvement, but not in the farming, of land. He neither sowed nor reaped. His compensation came from the United States; his work was in conformity with the requirements of the Government. We, therefore, think that his enterprise was commercial and not agricultural as the latter term is above defined."

In Bennett v. Banks, 158 So.2d 290, the Court of Appeal of Louisiana, First Circuit, a case in which the facts are very similar to the facts in the case under consideration, it was held that the State Unemployment Compensation Tax Statute providing that any services shall be deemed to be in covered employment if a tax is required to be paid with respect to such services under any Federal law, does not violate constitutional provision prohibiting adoption of code or system of laws by general reference.

The decision in the case fully discussed the laws with reference to State Unemployment Tax and the tax imposed under the Federal Unemployment Tax Act.

The judgment of the Trial Court is reversed and judgment rendered for appellant for the taxes as prayed for.