PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County. This judgment reversed a decision of the Mississippi Employment Security Commission which upheld an assessment of contributions against the Ballard Company, Inc.
The Ballard Company, Inc., appellee, is a corporation engaged primarily in farming operations in the Mississippi Delta. During the year 1967 it was engaged in clearing land and raising soy beans on on some several thousand acres of land either owned or leased by it. It also engaged in land-clearing operations for other landowners on a contract price basis. The corporation owns a large amount of equipment, crawlers, draglines, etc. that it uses in these land-clearing operations.
The Mississippi Employment Security Commission assessed the appellee $1,138.32 for employment security contributions which it found to be due for the year 1967. This assessment was protested by the Ballard Company, resulting in a hearing before the commission. The commission found that the services performed by the appellee’s employees upon its land, either owned or leased by it, were tax exempt because these services were performed in the employ of the owner of the farm in connection with the improvement thereof. *362 The commission was of the opinion, however, that the services performed by the appellee’s employees in its land-clearing operations for other landowners were not exempt because the activities involved did not constitute services performed in connection with cultivating the soil or raising or harvesting agricultural commodities and were further not exempt because these activities, although consisting of the improvement of farm, were not performed in the employ of the owner or tenant or other operator of such farms.
The Ballard Company appealed from that portion of the commission’s decision which was adverse to it. The circuit court, in its appellate capacity, reversed the commission’s decision which found the employees of the company to be non-exempt employees. The commission appeals to this Court from that judgment.
The issues presented are that the lower court erred in finding the services performed by Ballard’s employees in its land-clearing operation for other landowners constituted agricultural labor as defined in the Mississippi Employment Security Law, and that the court erred in finding that the services by Ballard’s employees were farm land improvement projects performed in the employ of the owner, tenant, or other operator of such farms. The scope of review before this Court in appeals from the decisions of administrative bodies, as it is before the circuit court when sitting in its appellate capacity, is carefully outlined in the recent cases of Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664 (Miss.1969), and Ridgewood Land Company v. Moore, 222 So.2d 378 (Miss.1969). In the former we stated:
When an administrative agency has performed its function, and has made .the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state. * * * 222 So.2d at 665.
An application of the announced standard to this case requires a brief résumé of the facts.
The record discloses that the appellee was engaged in extensive farm activity. This included putting its own and leased lands into soy bean production which on occasion required land-clearing operations. The clearing process included, according to the testimony of the appellee, the following:
As you know, farming in the Delta is big business. To get this land into crop production, the first thing you do you clear the land. You go in there and cut trees, brush, or whatever it is off the ground. Then you come and do what you call sweeping. You make a wind row. Set it on fire. Then you come in and sweep it. It goes in there and the first tow operations cleans it up. Then we go in and disc it, and sometimes before discing, in the early part of the year your soy beans are sowed. We farm mostly soy beans. It is sowed and this discing covers these seed up. That is all that is done to the crop in that year until it is harvested in the fall. That is the end of crop production that year.
The clearing operation was further explained as including the “broadcasting” of soy bean seed prior to discing the land within the planting season, not later than July 1 of the year. This was explained as follows:
Yes. Generally you clear land in that area up through July 1 — generally that is the rule of thumb the cut-off date for *363 planting soy beans. Before you disc, your seeds are sown so you will have broadcast beans. They are not in rows. They are broadcast generally for the first two years.
The appellee conducted the same type of operation on a contract basis on the lands of others. The price therefor was a minimum of $75 per acre and was often in excess of $100 per acre. The clearing operation for the outsiders was similar to that for its own lands with the following distinction :
Q. You have said you did the same thing for others as you did for yourself, speaking of the corporation, but was this not true only up to a point? The corporation cleared and also cultivated crops on its land in 1967. For others, the corporation cleared land to get this land from rough tree-covered land to land ready and useful to be farmed, but was not the work done for others getting the land ready rather than farming?
A. Generally speaking. The farthest we go for an outsider is to the point of planting the crop. When you get past that stage for outsiders that is where we stop. Once we get the seed planted, we are through, generally speaking. It depends on the time of the year, the crop condition, vegetation, and many other factors.
Q. Your contract with the land owner does not include the raising of any crops, does it?
A. No.
Q. It is simply getting the land ready for crop production?
A. Yes.
The witness of appellee declined to respond to a question of the appellant as to the percentage of time devoted to its own lands and those,of outsiders by Ballard, stating that it was beyond his knowledge.
In the conduct of its hearing the commission had before it, in addition to the foregoing facts, the legislative enactments relating to “Unemployment Compensation”, Mississippi Code 1942 Annotated sections 7368 through 7446 (1952). These included the general provisions of the act, benefits thereunder, contributions therefor, as well as provisions relating to administrative procedures, etc. Specifically, the commission had the duty of applying the following enumerated provisions of the act to the foregoing facts, Mississippi Code 1942 Annotated section 7440 subsection (i) (6) (A), (i) and (ii) (Supp.1968):
(6) The term “employment” shall not include—
(A) Agricultural labor. The term “agricultural labor” includes all services performed—
(i) On a farm, in the employ of any employing unit, in connection with cultivating the soil, or in connection with raising, or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and fur-bearing animals and wildlife.
(ii) In the employ of the owner or tenant or other operator of a farm, in connection with the operation, management, conservation, improvement; or maintenance of such farm and its tools and equipment, or in salvaging timber or clearing land of brush and other debris left by a hurricane, if the major part of such service is performed on a farm.
In response to this duty the commission found:
* * * that during the period covered by said assessment and protest the services performed by the employees of *364 this employer in clearing land owned by others than the employer (the corporation) did not constitute “agricultural labor” as defined in the Mississippi Employment Security Law; said services consisting of cutting, piling and burning trees, cleaning off the land, ditching and draining, and some discing, all performed with the use of heavy land clearing equipment and for the purpose of preparing said lands for farm use; and being of the opinion the said protest should be overruled and denied * * *.
The appellant cites Clifford D. Means v. Dir. (Vol. 4, CCH, UI Reporter, Ill.1968); State v. Sullivan, 377 S.W.2d 839 (Tex.Civ.App.1964) ; and Scofield v. Tinnin, 171 F.2d 227 (5 Cir., 1948), as having construed statutes of identical language with subsections (i) and (ii) above. It therefore contends these decisions should be persuasive here. In. Scofield the plaintiff engaged in clearing ranch land, constructing reservoirs thereon, terracing the same and the eradication of prickly pear through contract with the owners. The Court in holding these services not exempt under a definition of agricultural labor, stated:
Here the laborers were not employees of the owner or tenant. The employer owned no land. The work done was not incidental to farming; it was the sole occupation of the Appellee. His work was a prelude to farming and ranching. The taxpayer was engaged in the improvement, but not in the farming, of land. He neither sowed nor reaped. His compensation came from the United States; his work was in conformity with the requirements of the Government. We, therefore, think that his enterprise was commercial and not agricultural as the latter term is above defined. 171 F.2d at 229.
In State v. Sullivan, supra., the above language was cited with approval. In the present case the factual situation is not precisely that of Scofield since appellee’s compensation did not come from the United States nor was it necessary for his work to be in conformity with any of its requirements, and also, the appellee is a farm land proprietor. However, the remaining pronouncement of the court is clearly applicable since the laborers here were in the employ of Ballard and were not in the employ of the “outsiders” who contracted for their land to be cleared. The employees were engaged in the improvement of farm land for others, an incident of which was the sowing of seed, if within season. It did not, however, include harvesting.
It is our opinion that there was substantial evidence to support the commission’s finding and its construction and application of the law thereto was not unreasonable, arbitrary or capricious in view of the cited decisions. The decision in fact conforms, in our opinion, to the legislative intention expressed in subsection (i) and (ii) above.
We conclude that the circuit court erred in its appellate capacity in substituting its own judgment for that of the commission rather than reviewing the same within the scope of Miss. State Tax Comm., supra, and Ridgewood Land Co., supra. The decision of the Mississippi Employment Security Commission is hereby reinstated and affirmed.
Judgment of the circuit court of the first judicial district of Hinds County reversed; order of the Mississippi Employment Security Commission reinstated and affirmed.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.