585 So.2d 783 (1991)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
Angelica FLANAGAN.
No. 90-CC-1124.
Supreme Court of Mississippi.
September 11, 1991.
*784 Richard D. Mitchell, Jackson, for appellant.
Walterine Langford, Vicksburg, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

I.
Angelica Flanagan, an employee of Wee Care Child Care Center for about three years, was discharged on January 26, 1990, for misconduct because she struck a three or four year old child behind his head with her hand on two occasions. The single issue is whether the Board of Review erred in denying Flanagan unemployment benefits based on its Findings of Fact.
Flanagan appealed to the circuit court the Board of Review's decision holding that she had committed "misconduct" within the meaning of Miss. Code Ann. § 71-5-513A(1)(b) (Supp. 1990), as defined by this Court in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982). The circuit court reversed and awarded benefits to the employee. The employer appeals to this Court alleging that it met its burden of proof and established disqualifying misconduct by "substantial, clear and convincing evidence." Shannon Engineering and Construction, Inc. v. Employment Security Commission, 549 So.2d 446, 450 (Miss. 1989).
On appeal, we are asked, as was the circuit court, to determine whether (1) an employee/teacher's striking a three or four year old child behind his head with her hand on two different occasions disqualified her for unemployment compensation benefits, and (2) whether or not the findings and decision of the Board of Review were supported by substantial evidence. We conclude (1) that it was misconduct, and (2) that the decision of the Board of Review is supported by substantial evidence. We therefore reverse the circuit court and reinstate the decision and order of the Board of Review of the Mississippi Employment Security Commission denying unemployment security benefits to Angelica Flanagan.

II.
We accept the Findings of Fact of the Board of Review, adopted from the Findings of Fact and Opinion of the Referee, and they are as follows:
Claimant's last employer was the Wee Care Child Care Center, Flowood, Mississippi, where she was employed as a teacher. She worked for this employer for about two years and six months and her last day of work was January 26, 1990. Claimant was discharged on that date for violating the company's disciplinary policy. The employer had a policy which allowed certain types of physical discipline to be administered to the children. However, the claimant was seen hitting a child on the back of the head with her hand. This type of physical disciplinary action was prohibited. Claimant knew that this type of physical disciplinary action was not allowed. She had been counseled before about using *785 improper physical discipline on the children and since she continued the practice, she was discharged.

III.
Miss. Code Ann. § 71-5-513(A)(1)(b) (1972) provides in part that an individual shall be disqualified for benefits "for misconduct connected with his work." This court has adopted the following definition of the term "misconduct":
[C]onduct evidencing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d at 1383. The Court stated further in that opinion:
The conduct may be harmful to employer's interest and justify the employee's discharge; nevertheless, it evokes the disqualification for unemployment insurance benefits only if it is willful, wanton, or equally culpable.
Id.
The Board of Review found that there was sufficient evidence to support a finding that the employee was guilty of willful misconduct within the meaning of that term. The scope of review applicable both to the circuit court and this Court is stated in Miss. Code Ann. § 71-5-531 (Supp. 1990):
In any judicial proceeding under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
The decisions of this Court have stated that the word "evidence" means "substantial evidence" which is not uncorroborated hearsay. Williams v. Mississippi Employment Security Commission, 395 So.2d 964, 966 (Miss. 1981). The burden of proving "misconduct" was the employer's and to do so by "substantial, clear, and convincing evidence." Shannon, supra.
We hold that the employer met its burden of proving misconduct by the direct testimony of two witnesses who testified to two separate acts of Flanagan striking a child behind the head with her hand. Those two occasions occurred on successive days and immediately preceded employee's discharge. Flanagan testified and denied striking a child, but did admit that it was her practice to place her hand on the back of children's heads to usher them. The testimony supports the finding that striking a child was a violation of employer's disciplinary policy. Most importantly, there was testimony to the effect and the Board of Review found that Flanagan had been previously counseled concerning striking children in the back of the head in this manner.
The circuit court, in its September 17, 1990, letter opinion incorporated as a part of the judge's opinion and order dated October 12, 1990, concluded:
Although the evidence is conflicting and somewhat vague, the testimonies of Melanie Lewis and Cynthia Knight provide substantial evidence to support the Referee's finding that on the day of discharge, (Friday), and possibly on the preceding day as well, (Thursday), the palm of the appellant's hand made contact with the back of a child's head, for disciplinary purposes, and that this was a violation of the employer's policy of which the appellant had knowledge... . This narrows the question to whether or not the appellant's disciplinary acts on Thursday and Friday as described by Ms. Lewis and Ms. Knight, constitute misconduct as a matter of law and in my opinion *786 they do not. At most they appear to be isolated incidents in which the force used was insufficient to leave marks and in fact did not even make the three year old recipient cry. They are certainly evidence of poor judgment and are undoubtedly sufficient grounds for discharge.
The court then concluded that such conduct by the employee did not evidence willful and wanton disregard for the employer's interest and were insufficient to disqualify the employee from unemployment benefits as misconduct. We disagree. The circuit court discussion of the evidence ignores the testimony and finding concerning events prior to the two incidents in question. The fact that Flanagan had been counseled concerning similar practices lends sufficient support to the Board of Review's conclusion that her actions were willful or at least sufficiently recurrent to manifest willfulness.

IV.
The employer proved by substantial, clear, and convincing evidence that the employee was guilty of disqualifying misconduct. Accordingly, we reverse the circuit court, and reinstate the order and decision of the Board of Review denying unemployment compensation benefits to Flanagan.
JUDGMENT OF THE CIRCUIT COURT REVERSED, AND THE DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION DENYING UNEMPLOYMENT BENEFITS IS REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., dissents with separate written opinion.
McRAE, Justice, dissenting:
I respectfully dissent from the majority decision to reverse and reinstate the order of the Board of Review disallowing unemployment compensation benefits for the claimant.
This Court has defined "misconduct connected with his work" as used in the unemployment statute to encompass "conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee." Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982). Mere negligence or unsatisfactory conduct are not enough. Id. Further, questioned conduct should be judged by an objective standard, finding misconduct only in those instances which "reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests." Employment Security Commission v. Phillips, 562 So.2d 115, 118 (Miss. 1990).
The burden is on the employer to prove by "substantial, clear and convincing evidence" that the employee was guilty of disqualifying misconduct. Shannon Engineering and Construction, Inc. v. Employment Security Commission, 549 So.2d 446, 450 (Miss. 1989). Flanagan's employer testified that she had always had problems with following instructions and disciplining the children, yet he promoted her regularly during her three-year tenure at the day care facility. He alleged that he had received at least one complaint from a parent who felt Flanagan had "abused" his child, but failed to produce any evidence thereof. Even the incident in question, which led to Flanagan's dismissal, was inexplicably undocumented. No written reports were made by the employees who testified that they saw Flanagan strike the child. Flanagan's employer testified that Flanagan always had a habit of guiding students by placing her hand on the back of their necks. Furthermore, the employer stated that no complaint had been received from the child's parents. Allegations of improper disciplinary practices, particularly in the day care center context, are a serious matter. However, absent a showing of more substantial evidence by the employer, I am compelled to concur with the findings of the circuit court.
In my opinion, the employer has failed to meet that burden. As the circuit court *787 observed, the conflicting and often vague testimony touches on isolated incidents which "are certainly evidence of poor judgment and are undoubtedly grounds for discharge." However, the evidence put forth by the employer neither clearly nor convincingly portrays conduct that a reasonable, fair-minded observer could objectively elevate to the level of "disqualifying" or "willful" misconduct as articulated in Wheeler.
Accordingly, I would affirm the circuit court's ruling and reinstate the claimant's unemployment compensation benefits because the Review Board failed to meet the criteria established above.