599 So.2d 948 (1992)
Carolyn WESTBROOK
v.
GREENVILLE COUNCIL ON AGING.
No. 89-CC-1198.
Supreme Court of Mississippi.
April 15, 1992.
*949 Stella Terrell, Yazoo City, for appellant.
Wayne O. Lee, Greenville, for appellee.
En Banc.
McRAE, Justice, for the court:

I.
In this appeal from an administrative agency, the outcome determinative inquiry is whether the findings and decision of the Board of Review of the Mississippi Employment Security Commission are supported by substantial evidence. The appeals referee found Carolyn Westbrook guilty of disqualifying misconduct and denied her benefits. On appeal, the Board of Review reversed the appeals referee's decision.
The Circuit Court of Washington County reversed the Board of Review and denied benefits by order dated September 5, 1989. From that order, Westbrook appeals. We affirm.

II.
Carolyn Westbrook had been employed as Executive Director of the Greenville Council on Aging for ten months when she was discharged on October 13, 1988, for repeated acts of alleged misconduct connected with work. She was discharged by unanimous vote of the 21-member Board
The Council on Aging depends upon the United Way and the South Delta agencies for funding. The Board had received numerous complaints regarding Westbrook's aggressive performance and action. Due to her inability to get along with people at these funding agencies after having been warned, it was the Board's decision to terminate her services.
The Council on Aging Board had discussed with Westbrook her temper, hostile relationship and lack of rapport with these agencies, and had stressed to her the importance of cooperation. However, complaints continued to be made regarding Westbrook's performance.
Westbrook herself admits that she could not get along with the people at United Way and South Delta Planning and Development District. She made the comment that "she had to set the ladies straight at United Way." And while the Board was impressed with Westbrook, they felt her inability to exercise reasonable control over her aggressive tendencies hindered her performance.
The evidence also showed that Westbrook made a statement to a newspaper suggesting that four of the Board members had conflicts of interest and should resign. She in fact reported one such member to the Ethics Commission, and she had refused or failed in her responsibility as Executive Director to pay interest on a note due at Sunburst Bank. This note was made by the Council on Aging in order to pay the salaries of its employees.

III.
The scope of review in appeals from decisions of an administrative agency is:
When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state. (citations omitted) *950 Mississippi Employment Security Commission v. Ballard, 228 So.2d 361, 362 (Miss. 1969).
There was little, if any, factual dispute between Westbrook's testimony and that of the board president, the former board president and the board's secretary. After several hearings with the board in which certain complaints from funding agencies were discussed, President Johnny Ashcraft, Jr. concluded that the following led to Westbrook's discharge: her temper, her very aggressive and hostile nature in working with people, in particular, the personnel of the Greenville United Way and South Delta Planning and Development District.
We have little trouble concluding that Westbrook has been shown by "substantial, clear and convincing evidence" to be guilty of "conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee." Shannon Eng. & Const. v. Emp. Sec. Com'n, 549 So.2d 446, 448-50 (Miss. 1989) Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982).
This is disqualifying misconduct within the meaning of Miss. Code Ann. § 71-5-513(A)(1)(b) (Rev. 1989), and accordingly, we affirm the Circuit Court order denying unemployment compensation benefits to Westbrook.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
BANKS, J., dissents by separate written opinion joined by ROBERTSON, J.
BANKS, Justice, dissenting:
Because I feel that the majority pays mere lip service to the positive command of the law that this Court accept the findings of fact of the Board of Review which are based on substantial evidence, I dissent.
The Board of Review found that the employer had failed to meet its burden of proving disqualifying misconduct by clear and convincing evidence. The Board of Review is the fact-finder and therefore, in order to reverse, we must conclude that, viewing the evidence most favorably toward the claimant, any reasonable fact finder must find clear and convincing evidence that claimant wilfully violated the employer's standards of conduct, as opposed to merely failing to perform as desired. Shannon Engineering and Construction, Inc. v. Employment Security Commission, 549 So.2d 446, 450 (Miss. 1989).
Contrary to the majority's statement that the facts are not in conflict, claimant's testimony conflicts with that of the employer's witnesses. Accepting her testimony as true, as the Board of Review may do, it is sufficient to negate a finding under the clear and convincing standard that she engaged in disqualifying misconduct. Claimant testified that she did what she was hired to do, look after the best interests of the agency, and that her conflicts with personnel at the funding agencies were generated substantially by misconduct of personnel at those agencies. She claimed that her problems with the employer did not arise until after she got into a conflict with a banker, who was on the board of a funding agency, and until she complained of certain conflicts of interest, which, in her view, hindered the agency.
Moreover, an employer representative testified that claimant was hired for her aggressive style and that he was disappointed that she was unable to control that aggressive personality to the satisfaction of the board. No person testified who personally had any conflict with claimant. All evidence of conflicts with others was hearsay and the employer representatives declined to name any of the alleged complainants, other than funding agency personnel.
Resolving these conflicts the Board of Review found that
[t]he evidence does not show that the claimant willfully or deliberately failed to perform any work assigned to her or that she willfully and knowingly violated any rules or policies of the employer or that *951 she knowingly and willfully failed to cooperate with other agencies or individuals which she was associated with in her employment.
On the record before it, the Board of Review was well within its prerogative in finding that claimant's misconduct, if any, did not rise to the level of disqualification for benefits. The circuit court and this Court are barred from substituting a different view. Central Electric and Machinery Co. v. Shelton, 220 So.2d 320 (Miss. 1969). Because the majority ignores that bar, I dissent.
ROBERTSON, J., joins in this dissent.