CHANDLER, J.,
for the Court.
¶ 1. Kenneth 0. Dillon was terminated from employment with Clark Construction and applied for unemployment benefits. After a series of appeals within the department, the Board of Review of Mississippi Employment Security Commission denied his unemployment benefits on the grounds of misconduct as contemplated by Mississippi Code Annotated § 71-5-513(A)(l)(b) (Rev.2000). The Lincoln County Circuit Court affirmed the Commission’s decision, finding that sufficient evidence existed to support the decision.
¶ 2. Finding no error, we affirm.

FACTS

¶ 3. Kenneth Dillon worked for Clark Construction in Brookhaven, Mississippi. He was terminated on October 4, 2002, for leaving work on his lunch break without permission and not returning for the rest of the day. Dillon testified that he did not return because he experienced chest pains. He told another employee, but not his supervisor, that he might not return because he did not feel well. When he returned to work the following Monday, he was told that he had been discharged for not returning or notifying his supervisor. Dillon had received no warnings concerning his work.
¶ 4. Dillon filed for unemployment benefits with the Mississippi Employment Security Commission (MESC). The claims examiner investigated the case and recommended disqualification, which Dillon appealed.
¶ 5. The appeals referee held a hearing. The hearing consisted of testimony of Dillon, a representative of Clark Construction, and a co-worker who was also terminated on October 4, testifying on behalf of Dillon. Based on the testimony at the hearing, the appeals referee found that Dillon’s actions did not constitute misconduct, under Mississippi Code Annotated § 71-5-513(A)(l)(b), entitling Dillon to unemployment benefits.
¶ 6. Clark Construction appealed the decision of the appeals referee to the Board of Review. The Board of Review agreed with the findings of fact as stated by the *1195 appeals referee but reversed its decision. It held, in pertinent part, “that the claimant was discharged because he left work without permission and without proper notice of the employer. This action by the claimant violated a rule of the employer and was consistently enforced by the employer.”
¶ 7. Dillon appealed to the Lincoln County Circuit Court, which affirmed the decision of the MESC, finding that substantial evidence and applicable law supported the decision of the Board of Review. Dillon appeals, raising the following issue:
DID THE LINCOLN COUNTY CIRCUIT COURT CORRECTLY FIND THAT SUBSTANTIAL EVIDENCE AND APPLICABLE LAW SUPPORTED THE BOARD OF REVIEW’S DECISION TO DISQUALIFY DILLON FROM RECEIVING UNEMPLOYMENT BENEFITS?

ANALYSIS

¶ 8. Dillon’s appeal from the circuit court is governed by Mississippi Code Annotated § 71-5-531 (Rev.2000), which states, in pertinent part, “[T]he findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.”
¶ 9. It is well-settled that we must give great deference to an administrative agency’s findings and conclusions. Trading Post, Inc. v. Nunnery, 731 So.2d 1198, 1200(116) (Miss.1999) (citing Allen v. Mississippi Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994)). We will not reweigh the facts or attempt to substitute our judgment for the agency’s. Id. We can overturn an agency decision only when the agency’s order (1) is not supported by substantial evidence (2) is arbitrary or capricious; (3) is beyond the scope or power granted to the agency; or (4) violates a person’s constitutional rights. Id. (citing Mississippi Comm’n on Environmental Quality v. Chickasaw County Bd. of Sup’rs, 621 So.2d 1211, 1215 (Miss.1993)). There is a rebuttable presumption that an agency’s decision was correct, and the challenging party has the burden of proving otherwise. Id. (citing Allen, 639 So.2d at 906).
¶ 10. The Mississippi Supreme Court has characterized misconduct as used in Mississippi Code Annotated § 71-5-513 as “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982). The court further clarified the definition of misconduct as “conduct that reasonable and fair-minded people would consider a wanton disregard of the employer’s legitimate interests.” Mississippi Employment Sec. Comm’n v. Percy, 641 So.2d 1172, 1175 (Miss.1994) (citing Mississippi Employment Sec. Comm’n v. Phillips, 562 So.2d 115, 118 (Miss.1990); Barnett v. Mississippi Employment Sec. Comm’n, 583 So.2d 193, 196 (Miss.1991)). In Percy, the court found that an employee’s falsification of time cards constituted misconduct because the time cards were the means by which the hospital verified the arrival and departure times of its employees, and, consequently, the amount of time worked by its hourly employees. Id. The record shows that Dillon was an hourly employee who did not have to punch a time clock to go to lunch. It is therefore very important that Dillon’s supervisor know of his employees’ whereabouts to make sure they are paid according to the amount of time they worked. There was sufficient evidence for the MESC to decide that Dillon’s behavior *1196 of leaving work without notifying his supervisor constituted misconduct as contemplated under Mississippi law.
¶ 11. At the administrative hearings, the employer has the burden of proof of showing by substantial, clear, and convincing evidence that the former employee’s misconduct constitutes disqualification from eligibility of benefits. Foster v. Mississippi Employment Sec. Comm’n, 632 So.2d 926, 928 (Miss.1994); Westbrook v. Greenville Council on Aging, 599 So.2d 948, 949 (Miss.1992); Mississippi Employment Sec. Comm’n v. Flanagan, 585 So.2d 783, 785 (Miss.1991). In this case, there was substantial evidence to support the decision of the ME SC, in large part because of Dillon’s testimony. The record shows that Dillon’s testimony was inconsistent, and it demonstrated that Dillon had the opportunity to tell his supervisor that he would be gone for the rest of the day. Although Dillon claims that it would have been impossible to tell his employer that he would not return for the day, the record also indicates that he was just across the street from the place of his employment when he went to lunch. He was with two other employees, and one of them could have notified Clark Construction that they could not return to work. Dillon states that he did not return to work because he experienced chest pains, but the Board of Review was within its discretion to discount this excuse. The record shows that Dillon was a thirty-two-year-old man with no health problems known to Clark Construction. Dillon’s terminated co-worker who testified as his witness had also appealed to the Board of Review claiming that his chest pains prevented him from notifying Clark Construction that he would be unable to return to work. In fact, in the initial determination, Dillon never mentioned that he experienced chest pains. Instead, in this initial determination, he stated that he did not return to work because he and a friend had an accident and could not return to work. Dillon also showed inconsistencies in his testimony by stating that he left for lunch with a friend at the initial hearing and later stating in his appeals referee hearing that he left by himself.
¶ 12. The Mississippi Employment Security Commission Administrative Manual Part V, Paragraph 1720, states, “An employee shall not be found guilty for violation of a rule unless: (1) the employee knew or should have known of the rule; (2) the rule was lawful and reasonably related to the job environment and job performance; and (3) the rule is fairly and consistently enforced.” The Board of Review found that Clark Construction had a rule regarding giving notice to supervisors when an employee does not work as scheduled. The Board also found this rule to be consistently applied, as evidenced by the fact that two other employees who also failed to return to work on October 4 were also fired. The fact that Clark Construction’s rule was consistently applied shows that Dillon should have been aware of Clark Construction’s procedures and policies, and there is no question that the rule is related to the work environment and job performance. We find that there was substantial evidence for the MESC to deny Dillon’s unemployment benefits on the grounds of misconduct.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.